```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

                                :
DANA KRYSZTOFIAK
                                :

    v.                          :   Civil Action No.  DKC 19-0879

                                :
BOSTON MUTUAL LIFE INSURANCE
COMPANY                         :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case brought pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.*, challenging denial of disability benefits, is the motion to reopen filed by Plaintiff Dana Krysztofiak. (ECF No. 34). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to reopen will be granted.

## I. Background

This case was remanded to the ERISA claim administrator for defendant Boston Mutual on June 23, 2020. (ECF No. 33, at 1). The claim administrator was to conduct a full and fair review and determine if Ms. Krysztofiak, the plaintiff, was disabled within the meaning of the "any occupation" definition of disability in the policy. (ECF No. 33, at 2). Roughly three months later the claim administrator denied Ms. Krysztofiak's

disability claim under the "any occupation" definition of disability. (ECF No. 34-3, at 2).[1]

Ms. Krysztofiak timely appealed the claim administrator's denial of her disability claim on February 5, 2021. (ECF No. 34-1, at 2). Four days later, on February 9th, the claim administrator acknowledged the appeal in an email to Ms. Krysztofiak's attorney. (ECF No. 37-1, at 2). The claim administrator attached a medical record release form to the email and asked Ms. Krysztofiak to sign it. (ECF No. 37-1, at 2). The claim administrator received the returned release form on March 8, 2021. (ECF No. 37, at 3).

Over a week later, on March 16, 2021, the claim administrator called Ms. Krysztofiak's counsel. (ECF No. 37-1, at 6, 8). Boston Mutual alleges that, during the phone call, the claim administrator asked Ms. Krysztofiak's counsel if there was any other medical information Ms. Krysztofiak wanted considered during her appeal, and Ms. Kryzstofiak's counsel said he would ask Ms. Krysztofiak about this and get back to the claim administrator. (ECF No. 37, at 3-4).

---

[1] When the motion was filed, the Clerk observed that two of the exhibits, attachments 3 and 4, contained personal identifying and medical information, and access was restricted to case participants. Unfortunately, no notice was provided to Plaintiff so that properly redacted copies of those exhibits could be filed publicly along with a properly supported motion to seal. Plaintiff will now be directed to comply with the procedures to keep this information sealed. If no such motion is filed within 14 days, the restriction will be removed.

Ms. Krysztofiak, apparently, did not get back to the claim administrator with any supplemental information, and on March 19, 2021, the claim administrator sent a letter to Ms. Krysztofiak informing her that it was giving her an unsolicited 30-day extension from the date she received the letter to submit additional information to be considered as part of the appeal. (ECF No. 37-1, at 8). The claim administrator asserted in the letter that the 30 days would not count toward the 45-day decision time period.

On April 28, 2021, the claim administrator informed Ms. Krysztofiak that it wanted to complete an independent medical examination ("IME") of her, asked her to supply dates that would not work for her and, citing "special circumstances," extended the deadline by which it could decide the appeal another 45 days. (ECF No. 37-1, at 10).

Ms. Krysztofiak did not respond to the claim administrator's request for dates, and on May 19, 2021, the company scheduling the IME on behalf of the claim administrator informed Ms. Krysztofiak that it had scheduled her IME for June 22, 2021. (ECF No. 37-1, at 12). On June 4, 2021, Ms. Krysztofiak filed her motion to reopen, (ECF No. 34), and five days later Ms. Krysztofiak notified the company scheduling the IME that she would not be attending the IME that the claim administrator had scheduled. (ECF No. 37-1, at 14).

3

**II. Analysis**

After a court remands an ERISA plan claim to a plan claim administrator, either party can ask the remanding court to reopen the case. *Giles v. Bell/Pete Rozelle NFL Player Ret. Plan*, 925 F.Supp.2d 700, 724 (D.Md. 2013). The parties agree that the party seeking to reopen must first exhaust available administrative remedies. (ECF No. 37, at 2; ECF No. 38, at 1).[2]

The parties do dispute, however, whether Ms. Krysztofiak exhausted her administrative remedies. Ms. Krysztofiak argues that she has done so because of the claim administrator's failure to follow the timeline for an ERISA administrative appeal. Boston Mutual argues that the administrative timeline was effectively tolled and extended so that the claim administrator was still in compliance with the timeline, and that Ms. Krysztofiak prematurely filed the motion to reopen.

**A. Timeline for Claims**

ERISA sets out a timeline for administrative appeals of disability claims decisions. Once a claimant files a timely

---

[2] Despite the requirement in the remand order that Plaintiff appeal an adverse benefits decision, such administrative exhaustion may not, however, be required because this is not a *new* ERISA claim. See, e.g., *Laake v. The Benefits Committee, Western and Southern Financial Group Company Flexible Benefits Plan, et al.*, No. 1:17-0611 (WOB), 2020 WL 12583118, at *2 (S.D. Ohio June 2, 2020) (finding that administrative exhaustion was not required on motion to reopen after remand to determine whether Plaintiff was entitled to long-term disability benefits beyond 24 months).

4

appeal, the claim administrator must decide the claim within 45 days. 29 C.F.R. § 2560.503-1(i)(3)(i).[3] The 45-day decision time period may be tolled when the claim administrator is waiting to receive information from the claimant. 29 C.F.R. § 2560.503-1(i)(4) (2001). The claim administrator may also invoke a one-time 45-day extension to the 45-day decision time period for "special circumstances." 29 C.F.R. § 2560.503-1(i)(1)(i).

The timeline for deciding an appeal carefully balances the competing needs of claim administrators to have more time and claimants to have swift resolutions of their claims. *Fessenden v. Reliance Standard Life Ins. Co.*, 927 F.3d 998, 1003-04 (7th Cir. 2019). The failure of the claim administrator to comply with the timeline establishes exhaustion of administrative remedies as a matter of law. 29 C.F.R. § 2560.503-1(l)(2)(i); *see also Price v. UNUM Life Insurance Company of America*, 2018 WL 1352965, at *9 (D.Md. 2018) ("Rather, the [claim administrator's failure strictly to comply with time limits enables] a claimant to 'be deemed to have exhausted the administrative remedies available under the plan' and bring suit in federal court.").

---

[3] The remand order directed that regulations in effect prior to April 1, 2018, would apply, although the amendments to the regulations over the years do not appear to affect this case.

5

**B. Discussion**

Once Ms. Krysztofiak filed her appeal on February 5, 2021, the 45-day decision time period began and was set to expire on March 22, 2021. The claim administrator failed to decide Ms. Krysztofiak's appeal before March 22nd, meaning that Ms. Krysztofiak had exhausted her administrative remedies and was entitled to ask the court to reopen the case unless tolling and/or an extension applies. As explained below, neither occurred.

The time period can only be tolled in a very specific situation:

> In the event that a period of time is extended as permitted pursuant to paragraph (i)(1), (i)(2)(iii)(B), or (i)(3) of this section due to a claimant's failure to submit information necessary to decide a claim, the period for making the benefit determination on review shall be tolled from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information.

29 C.F.R. § 2560.503-1 (i)(4).

The claim administrator's letter providing 30 days for Ms. Krysztofiak to submit additional information did not invoke the 45-day extension, did not request additional information from Ms. Krysztofiak that was necessary to decide her claim, and did not state that the tolling would last until Ms. Krysztofiak had submitted the requested information necessary to decide the claim. (ECF No. 37-1, at 8). Instead, the letter created an

arbitrary 30-day window in which Ms. Krysztofiak could submit supplemental information if she wished. The claim administrator did not follow ERISA procedure so as to toll the 45-day decision time period, and as a result, the time period was not tolled.

Despite the ineffective tolling attempt, Boston Mutual then asserts that its claim administrator effectively invoked the 45-day extension. The claim administrator can extend the deadline to decide the claim by an additional 45 days when "special circumstances" require an extension of the claim processing time. 29 C.F.R. § 2560.503-1(i)(1)(i). The extension cannot, in any event, exceed 45 days from the end of the initial 45-day period. *Id.*

The claim administrator's attempt to extend the decision time period was untimely and thus doomed to failure.[4] The

---

[4] Boston Mutual tries to defend the claim administrator's actions by arguing that 1) substantial, not strict, compliance was required for the appeals process timeline, and 2) in cases where there is a procedural ERISA violation, the appropriate remedy is to remand the matter to the plan administrator. (ECF No. 37, at 7).

Boston Mutual cites several Fourth Circuit opinions that found substantial compliance for ERISA to be sufficient in the context of a notice of denial of benefits. A denial of benefits notice that substantially, but not strictly, complies with ERISA requirements still notifies a claimant of the resolution of the claim. The timeline requirements are different, as meeting or missing a deadline is binary. Thus, substantial compliance is not possible or sufficient. *See, e.g.*, *Fessenden*, 927 F.3d at 1000. Moreover, it is not clear that missing a deadline by, at best, a week would be substantial compliance.

7

invocation of the extension came a month after the 45-day decision time period expired on March 22nd—far too late to extend the period. Moreover, even if the time period had been tolled by the 30-day grace period, the claim administrator's attempt to invoke the extension occurred on April 28th, a week after the expiration of the 30-day period on April 21st. Thus, any attempt to invoke the extension was wholly untimely.[5] The claim administrator failed to comply with the timeline and Ms. Krysztofiak is deemed to have exhausted her administrative remedies.

---

Boston Mutual's citation for the second argument, *Gagliano v. Reliance Standard Life Insurance Company*, is another attempt to compare apples and oranges.  547 F.3d 230 (4th Cir. 2008).  In *Gagliano*, the defendant insurer failed to provide Gagliano with a proper appeal notice. *Gagliano*, 547 F.3d at 240.  As a result, the district court found that the defendant insurer denied the claimant the chance to appeal the denial of the benefits claim and granted summary judgment against the defendant insurer.  *Id.* at 235.  The Fourth Circuit reversed this finding, holding that the district court should have remanded the case to the claim administrator with instructions to conduct the administrative appeal.  In this case, the appeal process was initiated but halted by the claim administrator's failure to comply with the timeline.

[5] Moreover, the IME was scheduled outside the extended decision deadline, which the claim administrator asserts ended on June 12, 2021.  In no event can the claim administrator delay the decision beyond the end of the extended decision deadline. 29 C.F.R. § 2560.503-1(i)(1)(i).  Likewise, tolling is inapplicable.  The burden to schedule and complete an IME within the 45-day decision window (or 90-day decision window if the extension is effectively invoked) is on the claim administrator. *See, e.g., McIntyre v. Reliance Standard Life Insurance Company*, No. CV-17-5134 (JRT/DTS), 2019 WL 2267054, at *5 (D.Minn. May 28, 2019), *reversed on other grounds*, 972 F.3d 955 (8th Cir. 2020).

**III. Conclusion**

For the foregoing reasons, the motion to reopen filed by Plaintiff Dana Krysztofiak will be granted. A separate order will follow.

>                    /s/
> DEBORAH K. CHASANOW
> United States District Judge