```
        IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|   |   |
|---|---|
| DANA KRYSZTOFIAK | : |
| | : |
| v. | : Civil Action No. DKC 19-879 |
| | : |
| BOSTON MUTUAL LIFE INSURANCE COMPANY | : |

**MEMORANDUM OPINION**

The court issued a memorandum opinion and order on September 16, 2022, in this case brought pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.*[1] (ECF Nos. 55, 56). In that opinion, the court denied Plaintiff Dana Krysztofiak's motion for summary judgment, granted in part Defendant Boston Mutual Life Insurance Company's motion for summary judgment, and remanded the case to the plan administrator. The court deferred entering an order remanding the case to allow Plaintiff to secure new counsel. (ECF No. 55 at 21). Represented by new counsel, Plaintiff filed a motion for reconsideration, which is presently pending. (ECF No. 69). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for reconsideration will be denied.

---

[1] See the memorandum opinion for an explanation of the factual and procedural background of the case. (ECF No. 55 at 1-7).

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case. In the United States Court of Appeals for the Fourth Circuit, the precise standard governing a motion for reconsideration of an interlocutory order is unclear. *See Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). However, courts in this circuit frequently look to the standards articulated in Rules 59(e) and 60(b) for guidance in considering such motions. *See Akeva, LLC v. Adidas Am., Inc.*, 385 F.Supp.2d 559, 565-66 (M.D.N.C. 2005).

> Public policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided. Most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions. Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice.

*Id.* (citations omitted); *see also Beyond Sys., Inc. v. Kraft Foods, Inc.*, No. 08-CV-409-PJM, 2010 WL 3059344, at *1-2 (D.Md. Aug. 4, 2010) (applying this three-part test when evaluating a motion for reconsideration of an interlocutory order). Importantly, a motion for reconsideration under Rule 54(b) may not be used merely to

reiterate arguments previously rejected by the court.  *See Beyond Sys., Inc.*, 2010 WL 3059344, at *2.

Here, there has been no intervening change in controlling law, nor is there newly available evidence that would warrant reconsideration of the court's previous ruling.[2]  Plaintiff argues that reconsideration is necessary because the court's prior ruling was a "clear error" that would result in "manifest injustice." (ECF No. 69-1 at 1, 13).  Specifically, Plaintiff argues that the court should not remand the case and should instead grant summary judgment in her favor because the Special Conditions Limitation Rider (the "Rider") was not raised as a basis for denying Plaintiff's coverage until Defendant filed its cross motion for summary judgment, and allowing Defendant a "third bite at the apple" by remanding the claim again would violate the "notions of fundamental fairness that lie at the heart of both Section 503 and ERISA."  (ECF No. 69-1 at 7).  She urges that a "district court's review is limited to whether the rationale set forth in the *initial denial notice* is reasonable."  (ECF No. 69-1 at 10).

---

[2] Defendant represents that its understanding of the origins of the Special Conditions Limitation Rider (the "Rider") has changed.  Defendant states that while it had previously thought that the Rider was added in an amendment to the Group Policy in 2020, it has since discovered that the Rider was always included in the Group Policy.  (ECF Nos. 70 at 4-5, 70-1 at 2-4).  However, this new information, if true, would reinforce the court's decision to remand the case rather than support reconsideration.

3

In her opposition to Defendant's cross-motion for summary judgment, Plaintiff argued that a remand would be inappropriate because "Defendant is a serial abuser." (ECF No. 53 at 11). The court considered this argument and rejected it in its opinion. (ECF No. 55 at 9, 12 n.5). Plaintiff's motion for reconsideration is arguably a reiteration of arguments previously rejected by the court. *See id.* Even still, her reiterated arguments are unpersuasive, as the court is bound by Fourth Circuit precedent to remand the case.

As the court explained in its prior opinion, *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230 (4th Cir. 2008), controls here. In that case, much like in the present case, the defendant insurer terminated the plaintiff's benefits for one reason and then later issued a termination letter citing a different reason, without affording the plaintiff the opportunity to challenge that second reason before the plan administrator. The district court awarded the plaintiff benefits for many of the same reasons that Plaintiff urges she should be awarded benefits here:

> Concluding that [the insurance company] ["]Reliance["] made a mistake in not initially asserting the Pre-Existing Conditions Limitation as the basis to terminate Gagliano's disability benefits, the district court held that this "negligent failure" on the part of Reliance was a bar "to a second chance to litigate an issue." . . . Citing *Wenner v. Sun Life Assurance Co. of Canada*,

>  482 F.3d 878 (6th Cir. 2007), the district court opined that once Reliance denied Gagliano's claim for the reason given in the Initial Termination Letter, it could not thereafter support termination of "benefits for an entirely different and theretofore unmentioned reason" in the Second Termination Letter. *Wenner*, 482 F.3d at 882. To do so, the district court reasoned, nullifies "the opportunity for 'full and fair review'" as afforded by ERISA. "When an insurer changes the basis for its denial during the appeal process—whether during administrative review or judicial review—that opportunity is lost." *Gagliano*, slip op. at 10. Insomuch as the record reflected the basis for denial of benefits in the Initial Termination Letter was no longer valid, and Reliance could not assert the Pre-Existing Conditions Limitation, no other basis existed in the record to deny Gagliano's claim. The district court thus concluded an award to Gagliano of the long-term disability benefits was the appropriate remedy. "To allow an insurance company to benefit from its own negligence in the processing of an ERISA benefit claim would send the wrong message to insurers, unduly extend the review process, and pose potential unreasonable burdens on the judiciary, which would be faced with multiple rounds of litigation."

*Id.* at 237-38.

The Fourth Circuit firmly rejected the district court's reasoning for two main reasons: First, if the exclusion based on pre-existing conditions applied to the plaintiff, she was "not entitled to receive benefits," and "ERISA requires the Plan be administered as written[—]to do otherwise violates not only the terms of the Plan but causes the Plan to be in violation of ERISA." *Id.* at 239 (citing 29 U.S.C. § 1102(a)(1)). Therefore, the court

5

concluded, "the district court was without authority to direct the plan administrator to administer the Plan contrary to its terms by injecting the prohibited concepts of waiver and estoppel." *Id.* Here, although Plaintiff maintains that she is not making an "equitable estoppel" argument, she is essentially asking the court to determine that Defendant waived reliance on the Rider by not relying on it earlier and to award her benefits based on "notions of fundamental fairness," even if she ultimately may not be eligible for benefits under the terms of the plan. As the Fourth Circuit explained in *Gagliano*, ERISA does not allow for such an outcome.

Second, the Fourth Circuit explained that "[i]n cases where there is a procedural ERISA violation, . . . the appropriate remedy is to remand the matter to the plan administrator so that a 'full and fair review' can be accomplished." *Id.* at 240. The court explained,

> Reinstatement is not necessary in order to make the plaintiff whole for a procedural violation. The flaw in holding otherwise is that a plaintiff is more than made whole—and indeed receives a windfall—if after proper procedures it is determined that the plaintiff was not entitled to the benefits that the administrator terminated with flawed procedures.

*Id.* at 241 (quoting *Wenner*, 482 F.3d at 884 (Rogers, J., dissenting)). Here, Plaintiff urges that the appropriate remedy for Defendant's failure to assert the Rider as its reason for

6

denial at the appropriate time is to award her benefits, but the Fourth Circuit clarified that the appropriate remedy in such situations is a remand to the plan administrator for a "full and fair review."

Finally, Plaintiff's argument that the court should follow the precedent of *Thompson v. Life Ins. Co. of N. Am.*, 30 F.App'x 160 (4th Cir. 2002), rather than *Gagliano*, is unpersuasive. The *Gagliano* court explicitly disavowed *Thompson*, remarking that it "appears incorrectly decided, but is of no precedential value in any event." *Gagliano*, 547 F.3d at 238 n.5.

For the foregoing reasons, Plaintiff's motion for reconsideration will be denied. A separate order will follow. A telephone conference will be convened to discuss the proper scope of the remand. At that conference, the parties should be prepared to discuss the specific instructions to the plan administrator, with time limits, to be included in the remand order.

                                                  /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge